Greg S. Martin (State Bar No. 294482)
JONES DAY
12265 El Camino Real, Ste 300
San Diego, CA  92130
Telephone: (858) 314-1136
Facsimile: (858) 314-1150
Email: gmartin@jonesday.com

Attorney for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE RISMAN, an individual<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation<br><br>Defendants. | Case No. **'16 CV 2185 DMS JLB**<br><br>(In the Superior Court of California, County of San Diego, Court Case No. 37-2016-00024874-CL-NP-CTL)<br><br>**NOTICE OF REMOVAL OF ACTION: UNDER 28 U.S.C. § 1441**<br><br>**[FEDERAL QUESTION]** |

Pursuant to 28 U.S.C. § 1441 *et seq*., Defendant Experian Information Solutions, Inc. ("Experian") hereby files this Notice of Removal for the above-captioned action to this Court and states as follows:

1.    Experian is named as a Defendant in Civil Action No. 37-2016-00024874-CL-NP-CTL filed in the Superior Court of the State of California, County of San Diego (the "State Court Action").

2.     The Complaint in the State Court Action was filed with the Clerk of the Superior Court of the State of California, County of San Diego on July 22, 2016.  Defendant Experian was served with the Complaint on July 29, 2016.

3.     This Notice of Removal is being filed with this Court within thirty (30) days after Experian received a copy of Plaintiff's initial pleadings setting forth the claims for relief upon which Plaintiff's action is based.

4.     This Court is the proper district court for removal because the State Court Action is pending within this district.

5.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings received by Experian in the State Court Action is attached hereto as Exhibit A.

6.     Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.  Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

7.     The claims of relief against Experian alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u.  Thus, this court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a) and (b).

8.     As of the date of this Notice, Experian is the only named defendant in the Complaint and Experian is informed and believe that no other defendant has been served with the Summons and Complaint in the State Court Action.

9.     Promptly after the filing of this Notice of Removal, Experian shall provide notice of the removal to Plaintiff and file a copy of this Notice with the clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

1    WHEREFORE, Experian notices the removal of this case to the United

2    States District Court for the Southern District of California pursuant to 28 U.S.C.

3    § 1441 *et seq.*

4

5    Dated:  August 29, 2016                JONES DAY

6

7                                           By: *s/ Greg S. Martin*

8                                               Greg S. Martin

9                                           Attorneys for Defendant
                                            EXPERIAN INFORMATION
10                                          SOLUTIONS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION:  UNDER 28 U.S.C. § 1441

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
07/29/2016
CT Log Number 529590494

**TO:**  Jason Engel, Senior Vice President & General Counsel
Experian
475 Anton Blvd Bldg D
Costa Mesa, CA 92626-7037

**RE:**  **Process Served in California**

**FOR:**  Experian Information Solutions, Inc.  (Domestic State: OH)



**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jake Risman, Pltf. vs. Experian Information Solutions, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Coversheet, Complaint, Notice, Attachment(s) |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA
Case # 37201600024874CLNPCTL |
| **NATURE OF ACTION:** | Violation of the Fair Credit Reporting Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/29/2016 at 14:25 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Todd M. Friedman
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
877-206.4741 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 783703220424 |
| **SIGNED:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
818 West Seventh Street
Los Angeles, CA 90017
213-337-4615 |

Page 1 of  1 / RK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**COPY**

**BY FAX**

FILED
CIVIL BUSINESS OFFICE **SUM-100**
CENTRAL DIVISION
*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

2016 JUL 22  AM 10: 18

SAN DIEGO COUNTY, CA

### SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EXPERIAN INFORMATION SOLUTIONS, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAKE RISMAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of San Diego<br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):*<br>37-2016-00024874-CL-NP-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| DATE: JUL 2 2 2016 *(Fecha):* | Clerk, by **R. Orihuela** *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   Experian Information Solutions, Inc.

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7-29-16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# COPY

**BY FAX**

**CM-010**

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION
FOR COURT USE ONLY

2016 JUL 22  AM 10: 18

SAN DIEGO COUNTY, CA

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO: 877-206-4741   FAX NO: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, JAKE RISMAN | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

**CASE NAME:**
JAKE RISMAN v. EXPERIAN INFORMATION SOLUTIONS, INC.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:** 37-2016-00024874-CL-NP-CTL |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | **Real Property** | |
| ☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort** | **Unlawful Detainer** | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☑ Other non-PI/PD/WD tort (35) | ☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 21, 2016

Todd M. Friedman
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# COPY

FILED
CIVIL BUSINESS OFFICE 4
CENTRAL DIVISION

2016 JUL 22  AM 10: 18

SAN DIEGO COUNTY, CA

1  Todd M. Friedman (216752)
2  Adrian R. Bacon (2803332)
   Law Offices of Todd M. Friedman, P.C.
3  324 S. Beverly Dr. #725
   Beverly Hills, CA 90212
4  Phone: 877-206-4741
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
   Attorneys for Plaintiff
7

8       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
          **FOR THE COUNTY OF SAN DIEGO**
9               **LIMITED JURISDICTION**

10                                  )  CASE NO.:  37-2016-00024874-CL-NP-CTL
    JAKE RISMAN,                     )
11                                  )  COMPLAINT
12              PLAINTIFF,           )
                                     )    1. Violation of the Fair Credit
13   -vs-                            )       Reporting Act
                                     )    2. Violation of California Consumer
14                                  )       Credit Reporting Agencies Act
15   EXPERIAN INFORMATION SOLUTIONS, )
     INC.,                           )  (Amount Not to Exceed $10,000)
16                                  )
              Defendant.            )
17                                  )

18                         **I. INTRODUCTION**

19       1.   This is an action for damages brought by an individual consumer for Defendant's

20   violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA") and the

21   California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a)

22   (hereinafter "CA CCRA"), both of which regulate the collection, dissemination, and use of

23   consumer information, including consumer credit information.

24                           **II. PARTIES**

25       2.   Plaintiff, JAKE RISMAN ("PLAINTIFF"), is a natural person residing in SAN

26   DIEGO County, and is a "consumer" as defined by 15 U.S.C. §1681a.

27       3.   At all relevant times herein, Defendant EXPERIAN INFORMATION

28   SOLUTIONS, INC. (hereinafter "DEFENDANT") regularly provided information to consumer

                                        1

                                   COMPLAINT

**BY FAX**

reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCRA. At all relevant times, DEFENDANT was a "person" as that term is defined by 15 U.S.C. §1681a(b).

4.     At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## III. FACTUAL ALLEGATIONS

5.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report. Defendant alleges that Plaintiff owes an outstanding balance. However, Plaintiff is informed, upon valid information and belief, that this reporting is inaccurate.

6.     Defendant furnished inaccurate and false information to the consumer credit reporting agencies. This has resulted in a negative effect on Plaintiff's credit score.

7.     On or about November 10, 2015, Plaintiff submitted a written dispute to the credit reporting agencies disputing the validity of the reporting furnished by Defendant.

8.     Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

9.     As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

10.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

11.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

12.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

b. Decreased credit score which may result in inability to obtain credit on future attempts.

c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of PLAINTIFF herein.

15. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

16. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to PLAINTIFF that are outlined more fully above, and as a result, Defendant is liable to compensate PLAINTIFF for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

17. Further, Defendant failed to notify PLAINTIFF of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of PLAINTIFF' dispute of that information.

18. As a result of the above violations of the FCRA and CCRAA, PLAINTIFF suffered and continue to suffer injury to PLAINTIFF' feelings, personal humiliation,

embarrassment, mental anguish and emotional distress, and Defendant is liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

19.    PLAINTIFF reincorporate by reference all of the preceding paragraphs.

20.    To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.    Actual damages;
B.    Statutory damages for willful and negligent violations;
C.    Costs and reasonable attorney's fees; and,
D.    For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

21.    Plaintiff incorporates by reference all of the proceeding paragraphs.

22.    California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

23.    California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

24.    California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

25.    Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

4

26.     Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)  Actual damages;
(b)  Statutory damages;
(c)  Costs and reasonable attorney's fees;
(d)  For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 21st day of July, 2016

By: _____
     Todd M. Friedman, Esq.
     Law Offices of Todd M. Friedman, P.C.
     Attorney for Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7067 |

PLAINTIFF(S) / PETITIONER(S):   Jake Risman

DEFENDANT(S) / RESPONDENT(S):   Experian Information Solutions Inc

JAKE RISMAN VS EXPERIAN INFORMATION SOLUTIONS INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2016-00024874-CL-NP-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Eddie C Sturgeon                              Department: C-67

**COMPLAINT/PETITION FILED: 07/22/2016**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/03/2017 | 10:30 am | C-67 | Eddie C Sturgeon |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2016-00024874-CL-NP-CTL        CASE TITLE: Jake Risman vs Experian Information Solutions Inc [IMAC

NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
  • In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
  • In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:         330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:         Central | |

| PLAINTIFF(S):    Jake Risman |
|---|
| DEFENDANT(S): Experian Information Solutions Inc |
| SHORT TITLE:    JAKE RISMAN VS EXPERIAN INFORMATION SOLUTIONS INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2016-00024874-CL-NP-CTL |
|---|---|

Judge: Eddie C Sturgeon                                     Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)              ☐  Non-binding private arbitration

☐  Mediation (private)                         ☐  Binding private arbitration

☐  Voluntary settlement conference (private)     ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)               ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)   _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____                _____
Name of Plaintiff                                        Name of Defendant

_____                _____
Signature                                                Signature

_____                _____
Name of Plaintiff's Attorney                             Name of Defendant's Attorney

_____                _____
Signature                                                Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 07/22/2016                            _____
                                             JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

1
2
3
4
5

Greg S. Martin (State Bar No. 294482)
JONES DAY
12265 El Camino Real, Ste 300
San Diego, CA 92130
Telephone: (858) 314-1136
Facsimile: (858) 314-1150
Email: gmartin@jonesday.com

6
7
8

Attorney for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/26/2016** at 03:31:00 PM

Clerk of the Superior Court
By Lee McAlister,Deputy Clerk

9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

11
12
13

JAKE RISMAN, an individual

14

Plaintiffs,

15

v.

16
17

EXPERIAN INFORMATION
SOLUTIONS, INC., an Ohio
corporation

18
19

Defendants.

20
21
22

**CASE NO. 37-2016-00024874-CL-NP-CTL**

Assigned for all purposes to
Honorable Eddie C. Sturgeon

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT**

Complaint Filed: July 22, 2016

23

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"),

24

by its undersigned counsel, and in answer to the Complaint, states as follows:

25

## GENERAL DENIAL

26

Pursuant to section 431.30(d) of the California Code of Civil Procedure,

27

Experian denies, generally and specifically, each and every allegation of the

28

Complaint. Experian further denies that Plaintiff has suffered, or will suffer, any

injury, detriment, damage or loss, or is entitled to costs, expenses, or attorneys' fees in any matter or sum whatsoever, by reason of any act or omission of Experian, its agents, employees, and/or anyone acting on Experian's behalf.  Experian further denies that Plaintiff is entitled to the relief sought, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, Experian alleges as follows, without conceding that Experian bears the burden of proof or persuasion as to any of them:

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM AGAINST EXPERIAN)

1.     The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Experian and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever, from Experian.

## SECOND AFFIRMATIVE DEFENSE
## (IMMUNITY)

2.     Plaintiffs' claims are barred as against Experian by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE
## (IMPROPER REQUEST FOR PUNITIVE DAMAGES)

3.     Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

## FOURTH AFFIRMATIVE DEFENSE
## (TRUTH/ACCURACY OF INFORMATION)

4.     Plaintiff's claims are barred as against Experian because all information Experian communicated to any third person regarding Plaintiffs was true.

## FIFTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

5.      Plaintiff s have failed to mitigate the damages.

## SIXTH AFFIRMATIVE DEFENSE

### (LACHES)

6.      The Complaint and each claim for relief therein are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (CONTRIBUTORY/COMPARATIVE FAULT)

7.      Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiffs were, at least in part, caused by the actions of Plaintiffs themselves and resulted from Plaintiffs' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

8.      Any damages that Plaintiffs may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiffs. Therefore, Plaintiffs are estopped and barred from recovery of any damages whatsoever as against Experian.

## NINTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

9.      Experian is informed and believes and thereon alleges that all claims for relief in the Complaint against Experian are barred by the applicable statutes of limitation.

## TENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

10.     The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (INDEMNIFICATION)

11.     Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiffs are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## TWELFTH AFFIRMATIVE DEFENSE

### (INTERVENING CAUSE)

12.     Plaintiffs' alleged damages, which Experian continues to deny, were not caused by Experian but by an independent intervening cause, including but not limited to accurate negative information regarding Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

13.     Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1.     That Plaintiff take nothing by virtue of the Complaint herein;

2.     That the Complaint be dismissed in its entirety;

3.     For costs of suit and attorneys' fees herein incurred; and

4.     For such other relief as this Court may deem just and proper.

///

///

///

///

///

1   Dated: August 26, 2015               JONES DAY

2

3                                        By:  /s/ Greg S. Martin
                                             Greg S. Martin
4
                                         Attorneys for Defendant
5                                        EXPERIAN INFORMATION
                                         SOLUTIONS, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 37-2016-00024874
**EXPERIAN INFORMATION SOLUTIONS, INC'S ANSWER TO PLAINTIFF'S COMPLAINT**